IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

In Re:                                         Case No:      17-01876-HAC

**Ronnie Grace**
**Sonia Sheppard Grace**

    **Debtors**

### ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY
### FILED BY SN SERVICING CORPORATION AS SERVICER FOR U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE PRP II PALS INVESTMENTS TRUST

      This matter coming before the Court on October 10, 2018 on the Motion for Relief from Automatic Stay filed by SN SERVICING CORPORATION AS SERVICER FOR U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE PRP II PALS INVESTMENTS TRUST (hereinafter "Creditor"), and this Court being informed of the agreement of the parties hereto regarding 900 Sowell Road, Brewton, AL 36426, it is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Creditor may file a claim for the post-petition mortgage arrearage through October 2018 plus the attorney fees and costs in connection with Creditor's Motion for Relief from Stay. The arrearage to be put into the plan is as follows:

   | | |
   |---|---|
   | 4 payments @ $655.00 for 07/01/18 to 10/01/18: | $2,620.00 |
   | Bankruptcy Attorney Fees and Costs for MFR: | $831.00 |
   | Late Charges: | $323.28 |
   | Total: | $3,774.28 |

2. The Motion for Relief from Stay filed by the Creditor is hereby conditionally denied. However, should the Debtors default under the mortgage agreement between the parties by failing to make payments due on the 1st day of each month within the next **TWENTY-FOUR MONTHS** beginning November 2018 and continuing through October 2020, the Creditor may file with the Court a Notice of Default giving the Debtors twenty (20) days to cure. A copy of the Notice of Default shall also be mailed to the Debtors.

3. If the default is not cured within twenty (20) days from the date the notice is issued, then the Creditor may file a Notice of Termination of Stay with the Court and mail a copy to the Debtors. Upon filing the Notice of Termination of Stay, the stay shall lift without further Order from the Court. Further, upon lifting of the stay the Creditor is allowed to communicate with the Debtors as required under the note and mortgage or under state law. Waiver of default shall not constitute waiver of subsequent default.

4. If relief from the automatic stay under 11 U.S.C. § 362 becomes effective, this Creditor is thereafter entitled to enforce any and all of its right, title, interest in and to the subject property under applicable non-bankruptcy law. The filing and service of Notice of Payment Change and/or Notices of Post-Petition Fees, Expenses, and Charges, as described by FRBP 3002.1(b) and FRBP 3002.1(c) are not required once relief from the automatic stay under 11 U.S.C. § 362 is triggered and becomes effective. Upon entry of this Order granting relief from the automatic stay under 11 U.S.C. § 362, the 14-day stay of Rule FRBP 4001(a)(3) is waived.

Dated: October 18, 2018

/s/ Henry A. Callaway
HENRY A. CALLAWAY
CHIEF U.S. BANKRUPTCY JUDGE

This Order was reviewed and approved by Counsel for the Debtor.

This document was prepared by:
Susannah R. Walker
Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 850-462-1516 / Fax: 205-212-2859

PARTIES TO RECEIVE COPIES:
Stephen L. Klimjack
1252 Dauphin St
Mobile, AL 36604


Ronnie Grace
Sonia Sheppard Grace
900 Sowell Rd.
Brewton, AL 36426


Daniel B. O'Brien
Chapter 13 Trustee
P.O. Box 1884
Mobile, AL  36633


Susannah R. Walker
Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, Alabama  35205